11-4557
Liu v. Holder

BIA
VanWyke, IJ
A088 121 646

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand thirteen.

PRESENT:
   DENNIS JACOBS,
   JON O. NEWMAN,
   GERARD E. LYNCH,
       *Circuit Judges.*

_____

JUN LIU,
       *Petitioner,*

            v.                          11-4557
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Luis E. Perez,
                       Senior Litigation Counsel; Don G.
                       Scroggin, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Jun Liu seeks review of an October 11, 2011 order of the BIA affirming the October 14, 2009 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Liu*, No. A088 121 646 (B.I.A. Oct. 11, 2011), *aff'g* No. A088 121 646 (Immig. Ct. N.Y. City Oct. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Insofar as Liu challenges the denial of asylum and CAT relief, we dismiss his petition for review for lack of jurisdiction. We lack jurisdiction to review the agency's

denial of asylum because Liu's argument merely disputes the agency's fact-finding regarding the timeliness of his asylum application, *see* 8 U.S.C. § 1158(a)(3), and we lack jurisdiction to review the agency's denial of CAT relief because Liu did not challenge the denial of that relief before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

Liu's challenges to the agency's denial of withholding of removal are without merit. As an initial matter, Liu argues that he was eligible for withholding of removal because he demonstrated "other resistance" to China's family planning policy under *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc). This issue was not raised before the BIA, and will not be considered here. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

As to the claim based on prosecution for membership in an underground church, Liu challenges the adverse credibility finding. For applications governed by the REAL ID Act, such as Liu's, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without

3

regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports the agency's adverse credibility determination.

Liu contends that the IJ and BIA placed too much weight on his hesitancy in answering questions. Liu argued that it can be explained by his lack of experience testifying in court or through a translator. However, we defer to the IJ's assessment of Liu's demeanor because the IJ had "the unique advantage . . . of having heard directly from [him]." *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005)(citation omitted).

The IJ properly relied on the sketchiness of the asylum application; however an IJ may rely on omissions in making a credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008). The BIA also relied on the issuance of a Chinese passport to Liu in the United States; however we defer to the factfinder's inference that the Chinese government would likely not issue a passport to a wanted fugitive. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007).

Liu cites background evidence demonstrating the persecution of some Christians in China to corroborate his

testimony.  However, nothing suggests that the agency did not take into account this evidence, *see Xiao Ji Chen*, 471 F.3d 315, 337 n.17 (2d Cir. 2006)(presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); and the persecution of  some Christians in China would not rebut the finding that Liu's testimony did not credibly establish that he would be subjected to such persecution.  In sum, the agency's adverse credibility determination is supported by substantial evidence and supports its denial of Liu's application for withholding of removal based on his status as a Christian.

    For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk